UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>R. C. JOHNSON, Warden,<br><br>    Respondent. | Case No. 2:20-cv-05358-MWF-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

## I.
## BACKGROUND

On June 16, 2020, the Court received a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 ("Petition" at Dkt. 1) filed by Jose Mitchell ("Petitioner"). The Petition challenges Petitioner's convictions for conspiracy, second degree robbery, and attempted second degree robbery in Los Angeles Superior Court case no. YA091753. (Pet. at 2 ¶ 2.) The Court construes the Petition as raising the same claims that Petition raised on direct appeal, which are as follows:

<u>Ground One:</u> Petitioner's rights to due process and an impartial jury

1

|   |   |
|---|---|
| 1 | were violated because the jury panel was tainted by comments and |
| 2 | discussions about his probation violation case. |
| 3 | <u>Ground Two:</u> Petitioner's due process rights were violated because |
| 4 | there was insufficient evidence to support any of his convictions. |

(Pet. at 3-10); see also <u>People v. Mitchell</u>, No. B281476, 2019 Cal. App. Unpub. LEXIS 2385 at *30, 33 (Apr. 5, 2019) ("[Petitioner] contends his rights to a fair trial and an impartial jury were violated by the trial court's denial of his motion for mistrial based on juror taint. ... [Petitioner] next contends that none of his convictions is supported by substantial evidence.").

On October 11, 2018, the California Court of Appeal affirmed Petitioner's convictions. <u>People v. Mitchell</u>, No. B281476, 2018 Cal. App. Unpub. LEXIS 6911 (Oct. 11, 2018). However, on January 16, 2019, the California Supreme Court granted Petitioner's request for review and transferred the case back to the California Court of Appeal "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 1393 (Stats. 2018, Ch. 1013)." <u>People v. Mitchell</u>, No. S252559, 2019 Cal. LEXIS 296 at *1 (Jan. 16, 2019). Senate Bill No. 1393 granted California trial courts discretion to strike certain sentencing enhancements. <u>Mitchell</u>, 2019 Cal. App. Unpub. LEXIS 2385 at *43.

On April 5, 2019, the California Court of Appeal issued a new decision again affirming Petitioner's convictions, but found that Petitioner was "entitled to a new sentencing hearing at which the trial court can consider whether to strike the recidivist enhancement pursuant to Penal Code section 667, subdivision (a)(1)." <u>Id</u> at *44. Based on public records from the Los Angeles Superior Court, it appears that the new sentencing hearing has not yet taken place. <u>See</u> Los Angeles Superior Court Criminal Case Summary, Case No. YA091753-02.[1]

---

[1] Available online at: http://www.lacourt.org/onlineservices/ON0001.aspx

## II.
## DISCUSSION

Under what is known as the <u>Younger</u> abstention doctrine, federal courts generally will not intervene in pending state criminal proceedings absent "extraordinary circumstances." <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). The Court may consider <u>sua sponte</u> whether <u>Younger</u> abstention is appropriate. <u>H.C. ex rel. Gordon v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000).

In <u>Edelbacher v. Calderon</u>, 160 F.3d 582 (9th Cir. 1998), the Ninth Circuit considered "whether [a habeas] petitioner can challenge in federal court his state conviction of guilt when he has exhausted all potential state remedies with regard to his guilt, but not his sentence, the retrial of which is proceeding in the state court." <u>Id.</u> at 583-84. The court concluded: "When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." <u>Id.</u> at 582-83. The court noted that the petitioner had not shown that delays in resentencing were "extreme, unusual, or attributable to the ineffectiveness of the state courts." <u>Id.</u> at 586-87 (distinguishing <u>Phillips v. Vasquez</u>, 56 F.3d 1030 (9th Cir. 1995)).

Significantly, because Petitioner's judgment is not yet final, 28 U.S.C. § 2244(d)'s one-year limitations period for filing a federal habeas petition under 28 U.S.C. § 2254 has not yet commenced running. See <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007) ("Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'"). Moreover, a dismissal of the current Petition without prejudice would not prevent Petitioner from filing a new federal habeas petition under 28 U.S.C. § 2254 once his convictions and sentence are final. See <u>United States v. Buenrostro</u>, 895 F.3d 1160, 1165 (9th Cir.), <u>cert. denied</u>, 139 S. Ct. 438 (2018) ("A judicial resentencing may ... produce a new

judgment" which "may be challenged without regard to the limitation on second-or-successive petitions 'even if the [second-in-time] petition challenges only undisturbed portions of the original judgment.'") (citation omitted).

### III.
### CONCLUSION

IT IS HEREBY ORDERED that, **on or before August 3, 2020**, Petitioner shall respond to this Order to Show Cause in **one** of the following ways:

1. If Petitioner **has** been resentenced by the Los Angeles Superior Court, he should file a Status Report stating when that resentencing happened.
2. If Petitioner has **not** been resentenced, he should either:
   a. File a Notice of Voluntary Dismissal of the current federal petition using the form attached to this order; or
   b. File a Memorandum of Law explaining why he believes this Court should consider his federal habeas petition before he is resentenced. Any such Memorandum of Law should explain what has happened in the Los Angeles Superior Court criminal case after the California Court of Appeal's remand, and when Petitioner expects to be resentenced.

DATED: June 18, 2020

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| JOSE MITCHELL, | CASE NUMBER |
| --- | --- |
| Petitioner(s), | 2:20-cv-05358-MWF-KES |
| v. | |
| R. C. JOHNSON, Warden, | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |
| Respondent(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☑ This action is dismissed by the Petitioner in its entirety.

☐ **ONLY**  Ground(s) _____

is/are dismissed by Petitioner in its/their entirety.

☐ **ONLY** Respondent(s) _____

is/are dismissed.

The dismissal is made pursuant to Federal Rule of Civil Procedure 41(a)(1).

_____    _____
*Date*                                                                   *Signature of Petitioner*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*