O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>R. C. JOHNSON, Warden,<br><br>    Respondent. | Case No. 2:20-cv-05358-MWF-KES<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

On June 16, 2020, the Court received a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 ("Petition" at Dkt. 1) from Jose Mitchell ("Petitioner"). Because Petitioner is currently awaiting resentencing in state trial court, this Court declines to decide the Petition at this time. Accordingly, the Petition is dismissed without prejudice. Petitioner may file a new petition in federal court when the state court proceedings regarding his convictions and sentence have concluded.

## II.
## PROCEDURAL HISTORY

### A. Proceedings in State Court

The Petition challenges Petitioner's convictions for conspiracy, second degree robbery, and attempted second degree robbery in Los Angeles Superior Court case no. YA091753. (Pet. at 2 ¶ 2.)

On October 11, 2018, the California Court of Appeal affirmed these convictions. People v. Mitchell, No. B281476, 2018 Cal. App. Unpub. LEXIS 6911 (Oct. 11, 2018). However, on January 16, 2019, the California Supreme Court granted Petitioner's request for review and transferred the case back to the California Court of Appeal "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 1393 (Stats. 2018, Ch. 1013)." People v. Mitchell, No. S252559, 2019 Cal. LEXIS 296 at *1 (Jan. 16, 2019). Senate Bill No. 1393 granted California trial courts discretion to strike certain sentencing enhancements. Mitchell, 2019 Cal. App. Unpub. LEXIS 2385 at *43.

On April 5, 2019, the California Court of Appeal issued a new decision again affirming Petitioner's convictions, but finding that he was "entitled to a new sentencing hearing at which the trial court can consider whether to strike the recidivist enhancement pursuant to Penal Code section 667, subdivision (a)(1)." Id at *44.

### B. Proceedings in Federal Court

The Court construes the Petition as raising the same claims that Petitioner raised on direct appeal, which are as follows:

> Ground One: Petitioner's rights to due process and an impartial jury were violated because the jury panel was tainted by comments and discussions about his probation violation case.
>
> Ground Two: Petitioner's due process rights were violated because there was insufficient evidence to support any of his convictions.

2

(Pet. at 3-10); see also People v. Mitchell, No. B281476, 2019 Cal. App. Unpub. LEXIS 2385 at *30, 33 (Apr. 5, 2019).

On June 18, 2020, this Court ordered Petitioner to show cause why the Petition should not be dismissed without prejudice due to the ongoing state court proceedings. (Dkt. 4.) The Court noted that, based on public records from the Los Angeles Superior Court, it appeared that the new sentencing hearing had not yet taken place. See Los Angeles Superior Court Criminal Case Summary, Case No. YA091753-02.[1] The Court ordered Petitioner to respond to the order to show cause by: (1) stating when he had been resentenced, (2) explaining why this Court should consider the Petition even though he has not been resentenced, or (3) filing a notice of voluntary dismissal. (Dkt. 4 at 4.)

On July 29, 2020, Petitioner responded to the order to show cause with a document entitled, "Notice of Request for an Extension of Time." (Dkt. 5.) Petitioner states that his resentencing has been postponed until September 22, 2020 due to the COVID-19 pandemic. (Id.) He appears to ask this Court to hear the Petition, stating, "Petitioner requests if the current proceeding case is held within the current district division per filing jurisdiction [sic]." (Id.)

## III.
## DISCUSSION

Under what is known as the Younger abstention doctrine, federal courts generally do not intervene in ongoing state court criminal proceedings except in "extraordinary circumstances." Younger v. Harris, 401 U.S. 37, 43-54 (1971). A federal court may consider sua sponte whether Younger abstention is appropriate. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

In Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998), the Ninth Circuit considered "whether [a habeas] petitioner can challenge in federal court his state

---

[1] Available online at: http://www.lacourt.org/onlineservices/ON0001.aspx

3

1  conviction of guilt when he has exhausted all potential state remedies with regard to
2  his guilt, but not his sentence, the retrial of which is proceeding in the state court."
3  Id. at 583-84.  The Ninth Circuit concluded that generally "a petitioner must await
4  the outcome of the state proceedings before commencing his federal habeas corpus
5  action," unless there are "unusual circumstances[.]"  Id. at 582-83.  The court noted
6  that the petitioner in Edelbacher had not shown that delays in resentencing were
7  "extreme, unusual, or attributable to the ineffectiveness of the state courts."  Id. at
8  586-87 (distinguishing Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995)).  "Since
9  Edelbacher, district courts have generally abstained under Younger when a habeas
10 petitioner was still challenging his sentence in state court."  Lesopravsky v.
11 Warden, No. 16-cv-7110-JPR, 2018 U.S. Dist. LEXIS 75239 at *11-12, 2018 WL
12 2085333 at *4 (C.D. Cal. May 3, 2018) (collecting cases).
13     In the present case, Petitioner has not shown unusual circumstances that
14 justify a departure from the general rule.  It is true that the COVID-19 pandemic is
15 an unusual circumstance, but the delay of about a year and a half is, so far, not
16 extreme.  Compare Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990) (finding
17 four-year delay between filing of notice of appeal and submission of case to state
18 appellate court "alarming").
19     The present dismissal does not bar Petitioner from filing a new habeas
20 petition in federal court after he is resentenced and any appeal of his new sentence
21 in the state appellate courts has concluded.  See United States v. Buenrostro, 895
22 F.3d 1160, 1165 (9th Cir.) ("A judicial resentencing may ... produce a new
23 judgment" which "may be challenged without regard to the limitation on second-or-
24 successive petitions 'even if the [second-in-time] petition challenges only
25 undisturbed portions of the original judgment.'"), cert. denied, 139 S. Ct. 438
26 (2018).  Significantly, because a new criminal judgment has not yet been entered,
27 28 U.S.C. § 2244(d)'s one-year limitations period for filing a federal habeas
28 petition under 28 U.S.C. § 2254 has not yet begin to run.  See Burton v. Stewart,

549 U.S. 147, 156-57 (2007) ("Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'").

## IV.
## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the request for extension of time (Dkt. 5) is **denied** and the Petition (Dkt. 1) is **dismissed without prejudice**.

DATED: August 6, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

5